**Steven ROBY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1284S516.

Supreme Court of Indiana.

July 31, 1986.

Daniel L. Bella, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Steven Roby appeals from his conviction of felony murder.[1] He challenges the sufficiency of the evidence supporting his conviction, and argues that his conviction was based upon repudiated out-of-court statements. Citing *Peckinpaugh v. State* (1983), Ind., 447 N.E.2d 576, he correctly asserts that a conviction cannot be based solely upon a repudiated out-of-court statement that was admitted under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, unless there was substantial evidence of probative value from which the trier of fact could have reasonably inferred that the out-of-court statements were credible.

At trial, the most damaging evidence against defendants were certain out-of-court statements which the police had obtained from two other men, Robinson and Hayes. Both men testified at trial and acknowledged having given the statements, but repudiated the contents of the statements. In their statements, both men stated that they were present when the defendant shot Rory Purnell during a robbery. The statements were in substantial agreement regarding various facts: the other persons present, the advance plans and the events of the robbery, the brand of wine purchased and consumed, the use of marijuana cigarettes during the incident, and the correct date and place of the incident.

1. Ind.Code § 35–42–1–1.

The statements from Robinson further detailed that the defendant had shot the victim with a large black break-open handgun with an eight inch barrel.

During his testimony at trial, Robinson confirmed numerous aspects of his out-of-court statements including defendant's unusual large, black, break-away, top loading gun; the specific brand of wine purchased and taken to the victim's house by Robinson, Hayes, defendant, and others on the night he was killed; and the smoking of marijuana cigarettes.

Further corroboration of the disputed out-of-court statements is provided from other evidence during the trial. The defendant's girlfriend had seen the defendant carry a long black handgun which breaks down in half like a shotgun for loading. Defendant had told her that it was a .44 caliber. She testified that she had previously given a statement to the Gary Police Department in which she tried to tell the truth, and in which she stated that the defendant had admitted to her that he shot Purnell. Approximately two weeks before the death of Purnell, his mother gave him $5,500.00 in cash. Fred Robinson was present when Purnell received the money, and observed Purnell count it. Robinson was also a close friend of the defendant, and knew that Purnell kept his money in a brown bag in a kitchen drawer. After the death, the victim's mother discovered that the cash was missing. The body of Rory Purnell was discovered shortly after gunshots were heard. Before the arrival of police, the defendant was observed near the victim's house, armed with a revolver described as larger than a .38 caliber, dark in color, and having a seven or eight inch barrel. When the police were seen approaching, the defendant fled. The weapon was never found. A bullet recovered from the victim was found to be an unusual .45 caliber bullet, the marks on which indicated that it was fired from one of three types of top-load, break-open, English-made revolvers.

We find that there was substantial evidence of probative value from which it could be reasonably inferred that the out-of-court statements were credible. Considering the probative evidence and the reasonable inferences supporting the verdict, we find that the jury could find the defendant guilty beyond a reasonable doubt.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.